**E-FILED on**    1/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SADIE LYNN RAISNER ZIMPELMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY, and DOES 1 through X, inclusive,<br><br>        Defendants. | No. C-09-03306 RMW<br><br>ORDER GRANTING MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)<br><br>**[Re Docket No. 16]** |

Defendant Progressive Northern Insurance Company ("Progressive") moves for an order transferring venue to the District of Minnesota. For the reasons set forth below, the court grants the motion.

**I. BACKGROUND**

On May 26, 2006, plaintiff Sadie Lynn Raisner Zimpelman ("Zimpelman") was injured in an automobile accident in Santa Clara County, California. Compl. ¶ 8. The accident was caused by another driver, Rovilla Chase O' Neal. *Id.* At the time, Zimpelman had an automobile insurance policy with Progressive. Compl. ¶¶ 4, 8. Plaintiff alleges that the accident caused her severe neck and back injuries, resulting in damages that exceed $1,000,000. Compl. ¶ 9. In August 2007, plaintiff filed a complaint for personal injury against Ms. O' Neal ("Personal Injury Action") and

1  eventually settled for Ms. O' Neal's policy limit of $100,000. Compl. ¶¶ 10-12. After accepting this
2  settlement amount, plaintiff demanded that Progressive pay her $250,000, the policy limit for
3  underinsured motorist coverage. Compl. ¶ 14. Progressive has not paid her the $250,000. Compl. ¶
4  20.
5      On May 4, 2009, Zimpelman filed suit against Progressive in Santa Clara County Superior
6  Court, alleging breach of contract for its failure to pay the $250,000 underinsured motorist coverage
7  limit. Compl. ¶¶ 17-21. On July 20, 2009, Progressive removed the action to this court based on
8  diversity jurisdiction. Progressive now seeks to transfer venue to the District of Minnesota.

## II.  ANALYSIS

10  28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest
11  of justice, a District Court may transfer any civil action to any other district or division where it
12  might have been brought." Since transfer is limited to courts where the action might have been
13  brought, the transferee court must: (1) be able to exercise personal jurisdiction over the defendant,
14  (2) have subject matter jurisdiction over the claim, and (3) be a proper venue. *Hoffman v. Blaski*,
15  363 U.S. 335, 343-44 (1960). In the present case, the parties do not dispute that the action could
16  have been brought in the District of Minnesota. The court therefore considers whether transferring
17  venue to the District of Minnesota would best serve the convenience of parties, the convenience of
18  witnesses, and the interests of justice. Progressive, as the party moving for the transfer, has the
19  burden of demonstrating that transfer is appropriate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495,
20  499 (9th Cir. 2000). This burden can be met by a lesser showing of inconvenience than what is
21  required under forum non conveniens because all that is sought is a transfer of venue, not a complete
22  dismissal of the action. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

23      **A.    Convenience of Parties**

24      Progressive asserts that transfer to the District of Minnesota would be more convenient for
25  both parties and points to the fact that plaintiff currently resides in Minnesota. Decl. of Timothy
26  Pothen ("Pothen Decl.") ¶ 4. Though plaintiff resides in Minnesota, she filed suit in California,
27  suggesting that she does not find Minnesota to be a more convenient forum. However, plaintiff has
28  not explained why California would be a more convenient forum for her. Though her attorneys are

ORDER GRANTING MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)—No. C-09-03306 RMW
CCL                                                    2

located in California, courts generally do not consider the convenience of counsel to be a relevant factor in considering a motion to transfer venue. *See, e.g., In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973).

On the other hand, Progressive – a national company with its principal place of business in Wisconsin – has also failed to explain why litigating this action in California would be inconvenient for Progressive. As the moving party, Progressive has the burden of establishing that transfer is appropriate. *Jones*, 211 F.3d at 499. Thus, this factor does not weigh in favor of transfer.

### B. Convenience of Witnesses

The convenience of witnesses has been called the most powerful factor governing the decision to transfer a case. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D.Cal. 2002). Progressive contends that all key witnesses are located in Minnesota, such that transfer of this action to Minnesota would greatly serve the convenience of witnesses. These witnesses include: Progressive employees involved in handling the disputed claim, medical providers who treated plaintiff for her alleged injuries, and plaintiff's employer to testify about plaintiff's absence from work. Plaintiff argues that there are important witnesses who reside in California, such as: Ms. O'Neal, the defendant in the Personal Injury Action, and two of the passengers who were in the car with plaintiff during the accident.[1] Progressive claims that the accident itself is not relevant to this action because Progressive is not disputing liability. However, the severity of the accident is a fact likely to be in dispute, making the testimony of witnesses to the accident relevant.

Since some witnesses are California residents while others are Minnesota residents, it is inevitable that some witnesses will be inconvenienced, regardless of the choice of forum. When taking into account the number of witnesses affected and the relative importance of their testimony, the court finds that this factor weighs in favor of transfer. There are more witnesses who would be

---

[1] Plaintiff also states that the emergency physicians and reporting police officer at the accident scene reside in California but does not provide any evidence regarding their current residence or explain how their testimony would be useful. It is unclear whether plaintiff was examined by emergency physicians at the scene of the accident since the police report states that she declined medical attention. Ex. B to Decl. of Fred G. Meis.

ORDER GRANTING MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)—No. C-09-03306 RMW
CCL                                                          3

*(left margin: United States District Court / For the Northern District of California)*

inconvenienced if this action were maintained in California than if it were transferred. More importantly, while the testimony of witnesses to the accident is relevant, the testimony of the medical providers who treated plaintiff for her alleged injuries is likely to be more probative regarding the central issue in this case – the nature and extent of injuries suffered by plaintiff as a result of the accident.

### C.  Interests of Justice

In considering the interests of justice, courts often look at a variety of specific factors, including: (1) plaintiff's choice of forum and parties' contacts with the chosen forum, (2) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (3) the ease of access to sources of proof, (4) the location where the relevant agreements were negotiated and executed, and (5) the state that is most familiar with the governing law. *Jones*, 211 F.3d at 498-99. Having considered these factors, the court finds that the interests of justice are better served by transfer of venue, as set forth below:

#### 1.  Plaintiff's Choice of Forum and Parties' Contacts with Chosen Forum

The Northern District of California is plaintiff's choice of forum. However, the weight given to plaintiff's choice of forum diminishes when the plaintiff resides outside the chosen forum. *Gemini Capital Group v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir.1998). Since plaintiff resides in Minnesota, this factor does not carry as much weight as it otherwise would. In addition:

> In judging the weight to be given [to plaintiff's choice of forum] . . . consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to [plaintiff's] cause of action. If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is only entitled to minimal consideration.

*Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Progressive's business contacts with California are not clear from the record.[2] Plaintiff's contact with the state of California is based on the occurrence of the automobile accident in Santa Clara County, California. Compl. ¶ 8. This action arose from Progressive's refusal to pay a claim based on alleged injuries caused in

---

[2] In her complaint, plaintiff alleged that Progressive conducts substantial business throughout the state of California and the county of Santa Clara, including the marketing and sale of insurance policies. Compl. ¶ 2. Progressive denied this allegation in its answer. Ans. ¶ 2.

ORDER GRANTING MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)—No. C-09-03306 RMW
CCL                                                           4

that accident. Though the disputed claim was handled in Minnesota, Pothen Decl. ¶ 6, the dispute is inextricably linked to the accident that occurred in California. Therefore, at least some of the operative facts occurred in the plaintiff's chosen forum. Even so, California does not have a strong interest in a breach of contract action brought by a Minnesota resident against a Wisconsin corporation. Notice of Removal p. 2. Minnesota certainly has a greater interest in protecting the rights of a Minnesota resident. Because plaintiff resides outside of the chosen forum and the chosen forum lacks a significant interest in the action, plaintiff's choice of forum is given little weight.

**2.     Availability of Compulsory Process**

Some of the witnesses that reside in Minnesota are nonparty witnesses and cannot be compelled to testify in California. *See* Fed. R. Civ. Proc. 45(c)(3)(A)(ii). These include the medical providers who treated plaintiff for her alleged injuries and the plaintiff's employer. If this action is transferred to Minnesota, the parties would have subpoena power to secure the attendance of these witnesses. On the other hand, if this action is transferred to Minnesota, the nonparty witnesses that reside in California, such as Ms. O' Neal and other passengers in the car during the accident, could not be compelled to testify in Minnesota. Maintaining this action in California would allow the parties to secure the attendance of these California witnesses.

Since some nonparty witnesses are California residents while others are Minnesota residents, it is inevitable that compulsory process will be unavailable for some witnesses, regardless of the choice of forum. As with the convenience of witnesses factor, when taking into account the number of witnesses affected and the relative importance of their testimony, the court finds that the ability to compel attendance of nonparty witnesses weighs in favor of transfer.

**3.     Ease of Access to Sources of Proof**

Progressive contends that all relevant records, including plaintiff's medical and employment records, are located in Minnesota. Pothen Decl. ¶¶ 9-10. Plaintiff does not dispute this contention. Thus, this factor weighs in favor of transfer.

**4.     Location Where Agreement Was Executed**

Plaintiff's insurance policy was purchased and issued in Minnesota. Pothen Decl. ¶ 5. This factors weighs in favor of transfer.

### 5. Familiarity with Governing Law

It is undisputed that Minnesota law governs the insurance policy at issue in this case. A district court in Minnesota would be more familiar with Minnesota law than a district court in California. This factor weighs in favor of transfer.

### D. Compulsory Counterclaim

Progressive also asserts that plaintiff's breach of contract claim should have been pled as a compulsory counterclaim to an action it previously brought in the District of Minnesota. On February 10, 2009, Progressive filed a complaint for declaratory judgment in the United States District Court for the District of Minnesota ("Declaratory Judgment Action"). Notice of Pendency of Other Action. Progressive sought declaratory judgment that Minnesota law is applicable to determine coverage under the Progressive insurance policy issued to Zimpelman. *Id.* Progressive may be correct that plaintiff's breach of contract claim was a compulsory counterclaim in the Declaratory Judgment Action. If the Declaratory Judgment Action had continued, then dismissal of plaintiff's claim may have been appropriate. Under Fed. R. Civ. Proc. 13(f), the district court in the Declaratory Judgment Action could have permitted Zimpelman to amend her pleading to add the breach of contract counterclaim if "it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." However, on November 24, 2009, the District of Minnesota dismissed the Declaratory Judgment Action without prejudice, based on Zimpelman and Progressive's stipulation of dismissal. Ex. A to Decl. of Fred G. Meis. In light of this dismissal without prejudice, there is no longer a basis for dismissing plaintiff's claims.

## III. ORDER

For the foregoing reasons, the court grants the motion to transfer venue to the District of Minnesota.

DATED:    1/8/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Fred Girard Meis    fredgmeis@hotmail.com

**Counsel for Defendant:**

Sarvenaz Josephine Fahimi    sfahimi@chdlawyers.com
Randolph S. Hicks    rhicks@chdlawyers.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     1/8/10                          CCL
                                        **Chambers of Judge Whyte**